IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| T. BELLO, § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> ANGLIA HOMES, LP, § <br> § <br> Defendant. § <br> _____ § | CASE NO: 4:22-cv-03253 <br><br><br><br><br><br> TRIAL BY JURY DEMANDED |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Plaintiff T. BELLO ("Plaintiff"), through his undersigned counsel, and files this Complaint against Defendant ANGLIA HOMES, L.P. ("Defendant") under 42 U.S.C. §12101, *et seq.*, 42 U.S.C. §2000e, *et seq.*, and 42 U.S.C. § 1981:

## INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains of discrimination on the basis of disability, record of disability, or perceived disability under Title I of the Americans with Disabilities Acts of 1990, as amended ("ADA" and "ADAAA"), under 42 U.S.C. §12101, *et seq.*

3. Plaintiff also complains of discrimination on the basis of race and color under Title VII of the Civil Rights Act of 1964, as amended, under 42 U.S.C. §2000e, *et seq.*

4. Plaintiff also complains of discrimination on the basis of race under 42 U.S.C. § 1981.

5. Plaintiff also files a complaint for breach of contract for Defendant's failure to pay commissions.

6. This action seeks compensatory damages, punitive damages, lost wages (past, present, future), emotional distress damages, mental anguish damages, taxable court costs, pre-judgment and post-judgment interest, and attorneys' fees.

## PARTIES

7. Plaintiff is a resident of Texas.

8. Defendant, Anglia Homes LP, is a domestic limited partnership in Texas and has its headquarters in Spring, Texas. Defendant is registered to do business in and be sued in Texas by serving Defendant's registered agent, GG TWIN ASSETS GP, LLC., 6511 Riva Ridge Drive, Richmond, Texas 77469.

## VENUE

9. Venue is appropriate in the United States District Court for the Southern District of Texas in that the Defendant is headquartered in this District, as required under 28 U.S.C. §1391, and a substantial part of the events that led to this Complaint occurred in this District.

## JURISDICTION

10. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331, as it involves federal question jurisdiction. This court also has supplemental jurisdiction of the breach of contract case because it arises from the same case or controversy as the federal case herein.

11. The unlawful employment practices were committed within the jurisdiction of this Court.

## PROCEDURAL REQUISITES

12. Plaintiff has met all conditions precedent to the filing of this action. Plaintiff filed his Charge of Discrimination with the EEOC on April 4, 2022. The EEOC issued a Notice of Right to Sue letter on June 27, 2022, and Plaintiff has filed this lawsuit no more than 90 days after receiving the Notice of Right to Sue letter, based on his EEOC charge and all claims arising therefrom.

## FACTS

13. Plaintiff worked as a salesperson for Defendant, beginning February of 2021.
14. Plaintiff worked for Defendant full time, selling houses and real estate to customers.
15. Plaintiff clearly has dark colored skin.
16. Plaintiff is of the South Asian race.
17. From the start of his tenure at Defendant, Plaintiff informed them of his medical condition.
18. Plaintiff mentioned to his manager, Sam Sanders, on multiple occasions that Plaintiff suffered from a medical condition.
19. Plaintiff was qualified to do his job even though he did have a medical condition.
20. Nonetheless, his medical condition did affect Plaintiff's ability to focus and concentrate, which are daily activities.
21. Plaintiff, therefore, had a disability, a record of disability, or a perceived disability.
22. Plaintiff thus requested accommodations for his medical condition, specifically the ability to close his door when he needed more time to focus and cut out distractions.
23. Plaintiff's requests were made to his manager, Sam Sanders.
24. Plaintiff's requests were ignored.
25. Plaintiff continued to make requests for a reduced-distraction environment.
26. These requests were still ignored.

27. Plaintiff also never received the onboarding training he was promised.

28. No training was provided despite Plaintiff's numerous requests and questions regarding training.

29. In mid-March 2021, Plaintiff noticed that he was being targeted regarding his work product.

30. Sanders stated that Plaintiff was not doing the contracts as the Defendant trained people to do.

31. Plaintiff responded that, again, he had not received the training he was promised despite his many requests and inquiries.

32. Plaintiff again also requested a reduced-distraction environment.

33. Both requests were ignored.

34. In mid-April 2021, Sanders finally told Plaintiff to go ask Jon Vargo for help.

35. Vargo, who was Plaintiff's co-worker and work partner, was known for making racial slurs.

36. Vargo routinely made derogatory remarks about non-white and non-Caucasian customers.

37. On one occasion, Vargo said these derogatory remarks, including the n-word, during a work meeting.

38. Sanders was at this meeting and heard those remarks.

39. Sanders was aware of Vargo's history of hostile comments regarding non-white and non-Caucasian people at the time Sanders suggested Plaintiff work with Vargo.

40. Sanders still recommended that Plaintiff work with Vargo.

41. Plaintiff was further subjected to listening to Vargo's constant derogatory and discriminatory remarks regarding non-white and non-Caucasian people, of which Plaintiff is one such person.

42. On June 24, 2021, Plaintiff was terminated by Defendant.

43. When Plaintiff asked the human resources manager, Misty Corr, if Plaintiff was fired for poor sales or unethical behavior, Corr simply stated, "No."

44. Plaintiff was qualified to do his job at the time of his firing.

45. Plaintiff still deals with his medical condition.

46. Plaintiff was able to do the essential functions of Plaintiff's job at the time of Plaintiff's termination and was told by his doctor that Plaintiff would be able to do the essential functions of Plaintiff's job at the time of Plaintiff's termination.

47. Plaintiff had a qualifying disability, was regarded by Defendant as having a disability, or had a record of disability known to Defendant at the time of Plaintiff's termination.

48. Defendant terminated Plaintiff for his disability, record of disability, or perceived disability, in violation of the ADAAA.

49. Defendant provided no legitimate business reason for Plaintiff to be fired, or the provided reason for termination was pretext to discriminatorily terminate Plaintiff based on the disability, record of disability, or perceived disability of the Plaintiff.

50. Defendant discriminated against Plaintiff based on his disability, record of disability, or perceived disability in violation of the ADAAA.

51. Defendant also failed to accommodate Plaintiff after his request for reasonable accommodation for his disability.

52. Plaintiff simply asked for a reduced distractions environment for his medical condition.

53. Defendant, instead, refused to even acknowledge the request.

54. Defendant failed to engage in an interactive process to come up with a reasonable accommodation.

55. Even if Defendant had engaged in the interactive process, Defendant failed to show why the requested accommodations would be too costly to the business or unreasonable.

56. Therefore, Defendant failed to accommodate Plaintiff.

57. Defendant also terminated Plaintiff in response to his many requests for accommodation.

58. Plaintiff made these requests in good-faith, believing that a reduced-distraction environment would help his production.

59. Defendant did not engage in a good-faith interactive process for his requests.

60. Instead, Defendant ignored and then ultimately terminated Plaintiff in response to his numerous requests for accommodation.

61. His requests for accommodation were protected activities under the ADAAA

62. Therefore, Defendant violated the ADAAA by retaliating against Plaintiff on the basis of his requests for disability accommodations.

63. Defendant also subjected Plaintiff to a hostile work environment on the basis of Plaintiff's race and color.

64. Defendant was on notice of Vargo's many derogatory remarks against people of color and of non-Caucasian race.

65. Defendant should have known that any person of color and on non-Caucasian race would be subjected to a hostile work environment if they were forced to work with a person who constantly said racist remarks in the workplace.

66. Defendant nonetheless subjected Plaintiff to such a hostile work environment.

67. The derogatory and racist remarks by Vargo were so pervasive and severe that his comments changed the terms and conditions under which Plaintiff worked for Defendant.

68. Therefore, Defendant also violated Title VII and Section 1981 by discriminating against Plaintiff by subjecting him to a hostile work environment on the basis of race and color.

69. Plaintiff filed an EEOC Charge of Discrimination against Defendant on April 4, 2022.

70. Plaintiff received a Notice of Right to Sue from the EEOC on June 27, 2022.

## **COUNT I: DISABILITY DISCRIMINATION UNDER ADAAA, 42 U.S.C. § 12101, et seq.**

71. Plaintiff incorporates the allegations made in Paragraphs 1 through 71 herein.

72. Defendants, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by the ADAAA (42 U.S.C. §12101, *et seq.*) and terminated Plaintiff because of his disability or perceived disability when they claimed he made mistakes brought on by their failure to accommodate his disability.

73. Plaintiff was regarded by Defendant as having a physical or mental impairment.

74. Plaintiff was a qualified individual who had a disability, who was regarded by Defendant as having a disability at the time of termination, or who had a record of disability known to Defendant prior to Plaintiff's termination.

75. Defendant also refused to engage in the interactive process when Plaintiff requested accommodations for his disability, perceived disability, or record of disability.

76. Defendant engaged in an adverse employment action against Plaintiff by terminating Plaintiff.

77. Defendant terminated Plaintiff because of Plaintiff's disability, perceived disability, or record of disability, any, or all, of which were known to Defendant at the time of Plaintiff's termination by the Defendant.

78. As a direct and proximate result of the aforementioned acts that violated the ADAAA, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

79. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering.  The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

80. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC. to represent him in these proceedings.  Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT II: RACE DISCRIMINATION UNDER 42 U.S.C. §2000e, *et. seq.*

81. Plaintiff incorporates the allegations made in Paragraphs 1 through 81 herein.

82. Title VII prohibits employers from discriminating against employees based on their race.

83. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 2000e, *et seq*.

84. Defendant discriminated against Plaintiff by its discriminatory conduct firing him based on his race of South Asian.

85. Defendant also subjected Plaintiff to a hostile work environment based on his race of South Asian.

86. Plaintiff was subjected to constant remarks about deriding non-Caucasian people.

87. Defendant knew these comments were being made but made no attempt to stop them.

88. The derogatory comments were so pervasive and severe as to change the terms and conditions of the contract between Plaintiff and Defendant.

89. Had Plaintiff not been South Asian, he would not have been discriminated against and been terminated.

90. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, et.seq., Plaintiff suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

91. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

92. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

**COUNT III: RACE DISCRIMINATION UNDER 42 U.S.C. § 1981**

93. Plaintiff incorporates the allegations made in Paragraphs 1 through 93 herein.

94. 42 U.S.C. § 1981 prohibits employers from discriminating against employees based on their race.

95. Title 42 U.S.C. §1981, inter alia, protects at-will employees from employment discrimination on the basis of race and national origin because at-will employment in Texas is a form of contract. *Scott v. U.S. Nat. Bank Assoc.*, 16 F.4th 1204 (5th Cir. 2021). Defendant offered to pay Plaintiff for his work, and Plaintiff accepted that offer by performing the work. Thus, the parties entered into a contractual arrangement covered by 42 U.S.C. §1981.

96. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 1981.

97. Defendant discriminated against Plaintiff by firing him based on his race as South Asian.

98. Had Plaintiff not been South Asian, he would not have been forced to deal with Defendant's discriminatory conduct and been terminated.

99. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. § 1981, Plaintiff suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

100. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the

trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

101. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent her in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT IV: COLOR DISCRIMINATION UNDER 42 U.S.C. §2000e, *et. seq*.

102. Plaintiff incorporates the allegations made in Paragraphs 1 through 102 herein.

103. Title VII prohibits employers from discriminating against employees based on their race.

104. Defendant, by and through its agents and employees, engaged in the aforementioned practices, policies, customs, and usages made unlawful by 42 U.S.C. § 2000e, et seq.

105. Defendant discriminated against Plaintiff by subjecting him to a hostile work environment and its discriminatory termination of him based on his dark skin color.

106. Had Plaintiff not been of a dark skin color, he would not have been discriminated against by subjecting him to a hostile work environment and been terminated.

107. The derogatory and racist remarks that Plaintiff confronted were so severe and pervasive so as to change the terms and conditions of the contract with which he worked under for Defendant.

108. As a direct and proximate result of the Defendant's conduct that violated 42 U.S.C. §2000e, et.seq. Plaintiff suffered damages, including lost wages, emotional distress, pain and suffering, and attorneys' fees and costs.

109. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

110. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT V: RETALIATION FOR REQUEST FOR DISABILITY ACCOMMODATION UNDER ADAAA, 42 U.S.C. § 12101, et seq.

111. Plaintiff incorporates the allegations made in Paragraphs 1 through 110 herein.

112. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by the ADAAA (42 U.S.C. §12101, et seq.) and terminated Plaintiff in retaliation for complaining about disability discrimination.

113. Plaintiff was regarded by Defendant as having physical or mental impairments.

114. Plaintiff was a qualified individual who had a disability, who was regarded by Defendant as having a disability at the time of termination, or who had a record of disability known to Defendant prior to Plaintiff's termination.

115. Defendant engaged in an adverse employment action against Plaintiff by terminating Plaintiff.

116. Defendant retaliated and terminated Plaintiff because of Plaintiff's accommodation requests regarding Defendant's discrimination of Plaintiff due to Plaintiff's disability, perceived disability, or record of disability, any, or all, of which were known to Defendant at the time of Plaintiff's termination by the Defendant.

117. Plaintiff engaged in a protected activity by requesting these disability accommodations.

118. Had Plaintiff not engaged in these protected activities, Plaintiff would not have been terminated by the Defendant.

119. As a direct and proximate result of the aforementioned acts that violated the ADAAA, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

120. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

121. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC. to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## COUNT VI: BREACH OF CONTRACT

122. Plaintiff incorporates the allegations made in Paragraphs 1 through 121 herein

123. Defendant intentionally failed to pay commissions to Plaintiff which he rightfully earned for selling homes for Defendant.

124. Defendant agreed to pay Plaintiff a commission of 2.25% for each home sold and had failed to do so, or alternatively, has fired Plaintiff to avoid paying commissions earned by Plaintiff.

125. Defendant is wrongfully withholding about $50,000 in commissions and monthly draw earned, all in violation of Defendant's promise to pay Plaintiff.

126. Plaintiff earned those commissions but is unable to collect because he was terminated unjustly.

127. Defendant actions are contrary to the Texas Supreme Court ruling of *Perthuis v. Baylor Miraca Genetics Labs.* which stated that "when a contract prescribes otherwise-valid binding terms for how long to handle post-termination commissions, therefore, the courts will enforce them. Contractual silence, however, leaves the procuring-cause doctrine as to those contracts to which the doctrine applies" and " … the broker is entitled to a commission when a purchaser was produced through the broker's efforts, ready, able, and willing to buy the property upon the contracted terms.`` Moreover, " Under this doctrine, the broker's entitlement to a commission vests on his having procured the sale, not on his actual involvement in a sale's execution or continued employment through the final consummation of the sale." *Perthuis v. Baylor Miraca Genetics Labs., LLC*, 645 S.W.3d 228 (Tex. 2022).

## DAMAGES

128. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages and commissions, both in the past, present, and future, as well as compensatory damages, including but not limited to emotional distress.

## EXEMPLARY DAMAGES

129. Defendant's actions were intentional, willful, harsh, oppressive, reckless, and malicious, and as a further and proximate cause, Plaintiff has suffered severe emotional distress, pain, and suffering. The wrongs done by the Defendant were aggravated by its willfulness, wantonness, and maliciousness for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## ATTORNEY'S FEES

130. Defendant's actions as stated above, and the resulting damages to Plaintiff, have necessitated that Plaintiff retain the services of COANE AND ASSOCIATES, PLLC, to represent him in these proceedings. Wherefore, Plaintiff seeks recovery of reasonable and necessary attorneys' fees.

## JURY TRIAL DEMANDED

131. Plaintiff demands a trial by jury for all issues so triable.

## **PRAYER**

132.  WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

   a. Back Pay and withheld commission;

   b. Pre-Judgment Interest on Back Pay;

   c. Front Pay;

   d. Compensatory Damages, including but not limited to emotional distress;

   e. Punitive Damages;

   f. Injunctive and Affirmative Relief;

   g. Lost Benefits;

   h. Attorney's Fees and Costs; and

   i. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show he is justly entitled.

WHEREFORE, Plaintiff requests compensatory damages, punitive damages, and reasonable attorney fees from Defendant pursuant to 42 U.S.C. §12101, *et seq.*, and any other applicable authority (statute/law, etc.), to be proven at the time of trial for all compensatory damages, punitive damages, and attorneys' fees and costs along with any other relief that this Court finds reasonable under the circumstances.

Respectfully submitted,

**COANE AND ASSOCIATES, PLLC**

*/s/Zane Noureddine*
Zane Noureddine
S.D. Tex. No. 3782315
Texas Bar No. 24128481
Email: *zane.noureddine@coane.com*
Bruce A. Coane
S.D. Tex. No. 7205
Texas Bar No. 04423600
Email: *bruce.coane@gmail.com*
Coane and Associates, PLLC
5177 Richmond Ave., Suite 770
Houston, TX 77056
Telephone: (713) 850-0066
Facsimile: (832) 558-1780

*Attorneys for Plaintiff*